UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CALVIN WEDINGTON,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Respondents. | Civil Action No. 25-11670-BEM |

### ORDER

**MURPHY, J.**

Calvin Wedington, who is confined at Federal Medical Center ("FMC") Devens, has filed a petition for a writ of habeas corpus under 28 U.S.C. 2241 (Dkt. 1) ("Pet."). In 1982, Wedington was sentenced to life in prison for the second-degree murder of his wife. *See United States v. Wedington*, Crim No. 82-00068 (D. Md.). Since 2005, he has been committed under 18 U.S.C. § 4245 to the custody of the Attorney General for hospitalization and treatment. *See United States v. Wedington*, C.A. No. 05-00676 (D. Minn.).[1] For the reasons set forth below, the petition is summarily dismissed without service.[2]

Wedington's petition lacks clarity. For example, Wedington claims that in his commitment case, he raised the issue of "tort settlement and form 95 wrongful Secret Service exhumed FMC Rochester[] cemetery." Pet at 6. Wedington insists that the records of the Federal Bureau of Prisons wrongfully refer to him as "Calvin Scott" Wedington, even though even though he

---

[1] Background information concerning Wedington's criminal conviction and civil commitment is also available at *Wedington v. Warden Bowers*, C.A. No. 23-40146-NMG, ECF No. 36 at 1-2 (D. Mass. Oct. 25, 2024).

[2] Federal district courts have a pre-service duty to screen habeas petitions. *See* 28 U.S.C. § 2243; *see also* Rule 4 of the Rules Governing Section 2254 Cases (which also applies to § 2241 cases).

allegedly does not have a middle name.  *Id.*  In support of this, he claims that "Isiah Nathaniel Wedington . . . [was] in court after being hired by Pres. Reagan in a G512 opening."  *Id.* at 7.  In an apparent challenge to his civil commitment, Wedington alleges that he was an "Admiral Iraqi Warrior," and that the "Executive Branch did everything to make Judicial Branch realize [he] was not Calvin Scott Wedington who was enlisted."  *Id.*  Wedington represents that he did not present his arguments on appeal because he "did not want to get killed by rouge white men in Judicial Branch."  *Id.* at 8.

In his request for relief, Wedington writes, "Pay me."  *Id.* at 8.  He also asks that the Court "stop prison employees from acting like the law does not pertain to them and they can do anything to prisoners when they can."  *Id.*  Wedington adds, "I retired from USP in Indiana as captain administrator."  *Id.*

Considering these and other allegations, the Court concludes that Wedington has not set forth a basis for habeas relief.  Accordingly, the petition is DENIED and this action is DISMISSED.

IT IS SO ORDERED.

Dated:  January 15, 2026

/s/ Brian E. Murphy
Brian E. Murphy
United States District Judge